IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

KIMBERLY A. WESTMORELAND

: Case No. 2:03-CR-139
: JUDGE SMITH

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REVIEW AND EARLY RELEASE

Kimberly A. Westmoreland, has requested that this Court review her case file and be given an opportunity to prove herself "outside these walls in any capacity you feel is fit."

As this Court is aware, on October 8, 2003,. Ms. Westmoreland plead guilty to one count of conspiracy to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A)(iii), & 846, and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A)(i).  (R.3, Information).   During the sentencing hearing on January 21, 2004, this Court granted the government's motion, pursuant to U.S.S.G. §5K1.1, for a downward departure and sentenced Westmoreland to the mandatory minimum term of 180 months (120 months on count 1 and 60 consecutive months on count 2).

There are only limited circumstances in which a district court may modify a term of imprisonment once it has been imposed. Pursuant to 18 U.S.C. § 3582, a court may, upon motion of the Director of the Bureau of Prisons, reduce a term of imprisonment if it finds that-(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, and the Bureau of Prisons determines that the defendant is not a danger to the safety of any other person or the community, as provided under

section 3142(g). A court may also modify an imposed term of imprisonment based on clear error or substantial assistance of the defendant as permitted by Rule 35 of the Federal Rules of Criminal Procedure or another statute. Finally, a court may reduce a term imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).

The government notes in the first instance that the present motion has not been presented by or on notice to the Director of the Bureau of Prisons. Further, this case does not involve a sentencing range that has been lowered, nor does it appear that clear error or assistance to law enforcement by the defendant is a factor. Indeed, Westmoreland states her reason for requesting early release is based on her growth in prison, realization of a calling, and her feeling that she has changed.

While the government is pleased to learn that Westmoreland has "grown" and benefitted from many programs in prison, these accomplishments in no way justify a modification of her sentence. Certainly, the Court took many factors into consideration during sentencing and correctly imposed the mandatary minimum sentence of 180 months.

Ms. Westmoreland should be commended for her self improvement endeavors while she has been incarcerated.  However the nature of her criminal offenses warrant that she fully answer for her criminal behavior by serving the entire 180 month term of imprisonment.  According to the Bureau of Prisons website, Westmoreland's projected release date is January 22, 2017.

**WHEREFORE** the government respectfully requests the defendant's request be denied.

        Respectfully submitted,

        CARTER M. STEWART
        United States Attorney

        s/Gary L. Spartis
        GARY L. SPARTIS (0023428)
        Assistant United States Attorney
        303 Marconi Boulevard, Suite 200
        Columbus, Ohio 43215
        (614) 469-5715
        Fax: (614) 469-5653
        Gary.Spartis @usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Response was served this 11th day of February, 2011, on Kimberly A. Westmoreland, # 66184-061, Cottage A-2, FPC-Alderson, PO Box A, Alderson, WV 24910.

        s/Gary L. Spartis
        GARY L. SPARTIS (0023428)
        Assistant United States